**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-14021-CR-ROSENBERG/MAYNARD**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**TYRELL MURRY BENNETT,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION ON CHANGE OF PLEA**

**THIS CAUSE** comes before me upon an Order of Reference. Having conducted a Change of Plea Hearing, I recommend to the District Court as follows:

1. I convened a hearing to permit the Defendant to change his plea in this criminal case on August 14, 2023.

2. I advised the Defendant of his right to have the District Judge assigned to this case conduct this proceeding. I advised that I was conducting the Change of Plea Hearing at the request of the Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to this case. I advised that the District Judge assigned to this case will be the sentencing judge, will make all findings and rulings concerning the Defendant's sentence, and will schedule and conduct the Sentencing Hearing. I advised the Defendant that he did not have to permit me to conduct this hearing but could request a United States District Judge to conduct the Change of Plea Hearing instead. The Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to have a United States Magistrate Judge conduct the Change of Plea Hearing.

3.       I conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4.       There is a written Plea Agreement which has been entered into by the parties in this case. DE 40. I reviewed the Plea Agreement on the record and had the Defendant acknowledge that he signed the Plea Agreement. The Defendant pleaded guilty to **Count 1** of the Indictment which charges him with conspiracy to distribute 50 grams or more of methamphetamine (actual) in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and conspiracy to distribute 40 grams or more of a mixture containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. He also pleaded guilty to **Counts 2 and 5** of the Indictment which charge him with distribution of 50 grams or more of methamphetamine (actual) in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2. He also pleaded guilty to **Count 3** of the Indictment which charges him with distribution of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2. He also pleaded guilty to **Count 4** which charges him with distribution of 40 grams or more of a mixture and substance containing a detectable amount of fentanyl in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2.

5.       I reviewed with the Defendant the mandatory minimum and maximum penalties applicable to Counts 1, 2, 3, 4, and 5. The Defendant acknowledged that he understood the maximum penalties that could be imposed in his case.

6.       The Plea Agreement contains provisions regarding the Defendant's agreement to cooperate with the United States. I reviewed the provisions with the Defendant. The Defendant acknowledged his understanding that the United States is not required to file any motions based on the Defendant's cooperation and the determination of whether to do so is within the sole and

unreviewable discretion of the United States Attorney's Office. The Defendant also acknowledged his understanding that the District Court is under no obligation to grant any motions filed by the Government in this regard or to reduce the Defendant's sentence because of the Defendant's cooperation.

7. The Plea Agreement contains an appeal waiver. I reviewed the appeal waiver provision with the Defendant. The Defendant acknowledged that he understood he was waiving his right to appeal the sentence imposed unless it exceeds the maximum permitted by statute or is the result of an upward departure and/or upward variance from the advisory guideline range established at sentencing. Based on the colloquy, I find that the Defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

8. The parties submitted a written Stipulated Factual Basis in Support of a Guilty Plea ("Factual Basis") which was signed by counsel for the Government, counsel for the Defendant, and the Defendant. DE 41. The Factual Basis was read into the record and will be filed in this case. The Defendant acknowledged that he signed the Factual Basis, understands it, and has had the opportunity to fully discuss it with his attorney. The Defendant agreed that the Factual Basis accurately sets forth the facts in his case as he understands them to be. I find that the Factual Basis sets forth each of the essential elements of the crimes to which the Defendant is pleading guilty.

9. Based on the foregoing and the plea colloquy that I conducted, I find that the Defendant enters his plea of guilty to Counts 1, 2, 3, 4, and 5 freely and voluntarily. I accept his guilty plea and recommend to the District Court that it adjudicate him guilty of Counts 1, 2, 3, 4, and 5 as charged in the Indictment.

10. The United States Probation Office will conduct a pre-sentence investigation and will issue a report for sentencing purposes.

**ACCORDINGLY**, I recommend to the District Court that the Defendant's plea of guilty to Counts 1, 2, 3, 4, and 5 of the Indictment be accepted; that the Defendant be adjudicated guilty of the offenses to which he pleads guilty; that the District Court enter a specific finding that the Defendant's waiver of his right to appeal was knowing and voluntary; and that a sentencing hearing be conducted for final disposition of this case.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Robin L. Rosenberg, United States District Judge for the Southern District of Florida. Pursuant to Federal Rule of Criminal Procedure 59(b)(2), failure to file a timely objection to this Report and Recommendation waives the party's right to review, and it bars the party from attacking on appeal any legal rulings or fact findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 21st day of August, 2023.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE